IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIOR, INC.,<br><br>    Plaintiff,<br>v.<br>GEORGE W. HUBER,<br><br>    Defendant. | CASE NO.  09-CV-30225-MAP<br><br>DEMAND FOR JURY TRIAL |

## ANSWER AND COUNTERCLAIM

Defendant George W. Huber ("Huber"), by and through his counsel, hereby pleads and responds to the Complaint filed by Plaintiff KiOR, Inc. ("KiOR").

### THE PARTIES

1.  Huber admits that KiOR was incorporated in Delaware on July 23, 2007 and has its principal place of business in Houston, Texas.  Huber admits that KiOR, on its website, purports to be engaged in the biofuels industry and in the business of commercializing catalytic processes for converting biomass to high quality bio-crude.  Huber lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and on that basis denies the allegations.

2.  Huber admits that he is an individual who has resided in Belchertown, Massachusetts since August 2006.  Huber admits that he is currently employed as an assistant professor of Chemical Engineering at the University of Massachusetts, Amherst.  Huber denies the remaining allegations of this paragraph.

### JURISDICTION AND VENUE

3.  Huber admits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

4. Huber admits that venue is proper in this district under 28 U.S.C. § 1391(a).

## INTRADISTRICT ASSIGNMENT

5. Huber admits that this action is properly assigned to the Western Division of this Court pursuant to LR 40.1(D)(1)(c).

## FACTUAL ALLEGATIONS

6. Huber admits that KiOR and BIOeCON have attempted to develop technology related to conversion of biomass for use an energy source. Huber lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and on that basis denies the allegations.

7. Huber admits that KiOR and BIOeCON have attempted to develop technology KiOR calls Biomass Catalytic Cracking ("BCC"). Huber lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and on that basis denies the allegations.

8. Huber admits that KiOR has done some research relating to a pre-treatment process that involves co-milling or co-grinding biomass in the presence of a catalyst, and torrefaction. Huber lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that "[a]n important aspect of KiOR's technology is based in a pre-treatment process" and "KiOR and its predecessor BIOeCON developed . . . this process" and on that basis denies the allegations. Huber denies the remaining allegations of this paragraph.

9. Huber admits that he and KiOR entered into an agreement on January 1, 2008, under which Huber agreed to serve as a consultant to KiOR (the "Consulting Agreement"). The Consulting Agreement speaks for itself and Huber accordingly denies

any characterization of that of that document inconsistent with the document's own provisions. Huber admits that Exhibit A to the Complaint is a copy of the Consulting Agreement. Huber admits that the Consulting Agreement contains certain terms, portions of which are quoted, in the Complaint. Huber denies the remaining allegations of this paragraph.

10. Huber admits that he was given access to information, including information related to a pre-treatment process which involves co-milling or co-grinding biomass in the presence of a catalyst, and torrefaction, but specifically denies said information was confidential. Huber denies the remaining allegations of this paragraph.

11. Denies.

12. Huber admits that on May 16, 2008 he gave notice to KiOR, in writing, that he was terminating the Consulting Agreement. Under the terms of the Consulting Agreement, that termination became effective 90 days after notice on August 14, 2008. Huber denies the remaining allegations of this paragraph.

13. Huber admits that Anellotech, Inc. is a privately held Delaware corporation incorporated on November 3, 2008. Huber admits he is one of the individuals that founded Anellotech, Inc. Huber denies the remaining allegations of this paragraph.

14. Huber admits that he was one of six inventors who filed U.S. Patent Application No. 12/397,303 (the "'303 patent application") on March 3, 2009. Huber admits that this patent application published as US2009/0227823 and is entitled "Catalytic Pyrolysis of Solid Biomass and Related Biofuels, Aromatic, and Olefin Compounds." Huber admits that the '303 patent application identifies the University of

Massachusetts as the assignee. Huber admits that Exhibit B to the Complaint is a copy of the '303 patent application. Huber denies the remaining allegations of this paragraph.

15. Denies.

16. Huber admits that the '303 patent application claims priority to two provisional applications: No. 61/068,001, filed Mar. 4, 2008, and No. 61/098,284, filed Sep. 19, 2008. Huber admits that Exhibits C and D to the Complaint are copies of these two provisional patent applications. Huber denies the remaining allegations of this paragraph.

17. Huber admits that the University of Massachusetts granted Anellotech, Inc. an exclusive license to the intellectual property rights associated with the '303 patent application. Huber admits he is one of the individuals that founded Anellotech, Inc. Huber denies the remaining allegations of this paragraph.

## FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT – NON-COMPETE PROVISION)

18. Huber hereby incorporates his responses to paragraphs 1-17 above as though set forth fully herein.

19. Denies to the extent the non-competition provision of the Consulting Agreement is an illegal restraint under Cal. Bus. & Prof. Code, § 16600.

20. Denies.

21. Denies.

22. Denies.

## SECOND CLAIM FOR RELIEF
(BREACH OF CONTRACT – CONFIDENTIALITY)

23. Huber hereby incorporates his responses to paragraphs 1-22 above as though set forth fully herein.

24. Denies to the extent the non-competition provision of the agreement is an illegal restraint under Cal. Bus. & Prof. Code, § 16600.

25. Denies.

26. Denies.

27. Denies.

## THIRD FIRST CLAIM FOR RELIEF
(BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

28. Huber hereby incorporates his responses to paragraphs 1-27 above as though set forth fully herein.

29. Denies to the extent the non-competition provision of the agreement is an illegal restraint under Cal. Bus. & Prof. Code, § 16600.

30. Huber admits the Consulting Agreement impliedly imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement of the agreement. Huber admits the Consulting Agreement states "You [Huber] agree that during the term of this Agreement, you [Huber] shall not become employed by, advise, or perform consulting services for any entity that is, or, as a result of such activities, would become, a direct competitor of the Company [KiOR] in the field of 'Biomass Catalytic Cracking (BCC)' (the "**Field**') or otherwise would create a conflict of interest for you [Huber] with your [Huber's] obligation to the Company [KiOR]." See Complaint,

Exhibit A at ¶2 (emphasis in original).  Huber denies the remaining allegations of this paragraph.

31. Denies.

32. Huber admits he is one of the individuals that founded Anellotech, Inc.  Huber admits that the University of Massachusetts granted Anellotech, Inc. an exclusive license to the intellectual property rights associated with the '303 patent application.  Huber denies the remaining allegations of this paragraph.

33. Denies.

34. Denies.

## FOURTH CLAIM FOR RELIEF
### (FRAUD AND DECEIT)

35. Huber hereby incorporates his responses to paragraphs 1-34 above as though set forth fully herein.

36. Huber admits the Consulting Agreement states "You [Huber] agree that during the term of this Agreement, you [Huber] shall not become employed by, advise, or perform consulting services for any entity that is, or, as a result of such activities, would become, a direct competitor of the Company [KiOR] in the field of 'Biomass Catalytic Cracking (BCC)' (the "**Field**') or otherwise would create a conflict of interest for you [Huber] with your [Huber's] obligation to the Company [KiOR]."  See Complaint, Exhibit A at ¶2 (emphasis in original).  Huber admits that he entered into the Consulting Agreement which includes that provision.  Huber denies the remaining allegations of this paragraph.

37. Denies.

38. Denies.

39. Denies.

40. Huber admits he is one of the individuals that founded Anellotech, Inc.  Huber admits that the University of Massachusetts granted Anellotech, Inc. an exclusive license to the intellectual property rights associated with the '303 patent application.  Huber denies the remaining allegations of this paragraph.

41. Denies.

42. Denies.

43. Denies.

## FIFTH CLAIM FOR RELIEF
(UNIFORM TRADE SECRETS ACT, CIV. CODE § 3426, *ET SEQ.*)

44. Huber hereby incorporates his responses to paragraphs 1-43 above as though set forth fully herein.

45. Denies.

46. Denies.

47. Denies.

48. Huber admits that he entered into a Consulting Agreement with KiOR and was given access to certain information, but specifically denies said information was confidential.  Huber denies the remaining allegations of this paragraph.

49. Denies.

50. Denies.

51. Denies.

## PRAYER FOR RELIEF

The Prayer for Relief requires no response.  To the extent that any response is required, the Prayer for Relief is hereby denied.

## AFFIRMATIVE DEFENSES

1. KiOR's Fifth Claim for Relief fails to state a claim upon which relief can be granted.

2. KiOR fails to identify with specificity the trade secrets or items of confidential information contended to have been misappropriated by Huber.

3. The non-competition provision of the Consulting Agreement is an illegal restraint under Cal. Bus. & Prof. Code, § 16600.

4. Huber has not breached the Consulting Agreement.

## COUNTERCLAIMS

1. George W. Huber is an individual who has resided in Belchertown, Massachusetts since August 2006. Huber is currently employed as an assistant professor of Chemical Engineering at the University of Massachusetts, Amherst.

2. KiOR, Inc. is a Delaware corporation with a principal place of business in Houston, Texas.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Huber's claims pursuant to 28 U.S.C. § 1332 and/or 28 U.S.C. § 1367.

4. Venue is proper in this district under 28 U.S.C. § 1391(a). The Consulting Agreement at issue in the matter was entered into in this district and a substantial part of the events and omissions giving rise to the claim occurred in this district.

## INTRADISTRICT ASSIGNMENT

5. Pursuant to LR 40.1(D)(1)(c), this action is properly assigned to the Western Division of this Court.

## FACTUAL ALLEGATIONS

6. Huber and KiOR entered into an agreement on January 1, 2008, under which Huber agreed to serve as a consultant and provide consulting and advisory services to KiOR and KiOR agreed to compensate Huber in accordance with terms detailed in Exhibit A to that agreement. A true and correct copy of the agreement ("Consulting Agreement") is attached hereto as Exhibit A.

7. Huber provided consulting and advisory services to KiOR under the Consulting Agreement.

8. The Consulting Agreement requires that KiOR provide Huber with an option to purchase 15,000 shares of common stock.

9. KiOR failed to provide Huber with an option to purchase 15,000 shares of common stock. On information and belief, KiOR failed to request approval of its Board to grant Huber such equity in KiOR.

## CLAIM FOR BREACH OF CONTRACT

10. Huber hereby incorporates and realleges paragraphs 1-9 of the Counterclaims above as though set forth fully herein.

11. The Consulting Agreement is a valid and binding contract; except for the non-competition provision, to the extent that provision is an illegal restraint under Cal. Bus. & Prof. Code, § 16600.

12. Huber provided consulting and advisory services to KiOR under the Consulting Agreement and performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the Consulting Agreement.

13. KiOR materially breached the Consulting Agreement by failing to compensate Huber in accordance with the terms of the Consulting Agreement.

14. Huber has been damaged by the breach of contract by KiOR in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Huber respectfully requests that the Court:

a. dismiss the Complaint with prejudice;

b. enter judgment that Huber did not breach the parties' agreement or any implied covenant associated with that agreement, did not make any false statements or misrepresentation to KiOR, has not misappropriated or used any trade secrets of KiOR, and has not received a benefit at KiOR's expense or been unjustly enriched;

c. enter judgment that KiOR breached its contract with Huber, and award damages adequate to compensate Huber for the injury caused by such breach, including, without limitation, all attorneys fees and costs incurred;

d. enter a judgment in favor of Huber; and

e. grant such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), Huber respectfully demands a trial by jury on all issues so triable.

Respectfully submitted,

GEORGE W. HUBER

By his attorneys,

Dated: February 11, 2010        /s/ Michael A. Albert
                                       Michael A. Albert, BBO #558566
                                       malbert@wolfgreenfield.com
                                       Gerald B. Hrycyszyn, BBO #675201
                                       ghrycyszyn@wolfgreenfield.com
                                       WOLF, GREENFIELD & SACKS, P.C.
                                       600 Atlantic Avenue
                                       Boston, MA 02210
                                       (617) 646-8000

## CERTIFICATE OF SERVICE

     I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                               /s/ Gerald B. Hrycyszyn